CORONADO DEVELOPMENT CORPORATION, Respondent, *v.* SEVERANCE A. MILLIKIN, Appellant, Impleaded with H. VICTOR SCHWIMMER and GEORGE S. PARLIN, Defendants.

First Department, October 31, 1941.

*Thomas A. Halleran* of counsel [*George M. Billings* with him on the brief; *Cravath, deGersdorff, Swaine & Wood,* attorneys], for the appellant.

*Jacob M. Mandelbaum* of counsel [*Leon Kauffman* and *Joseph Straus* with him on the brief], for the respondent.

GLENNON, J. The plaintiff, Coronado Development Corporation, is a stockholder of Bagdad Copper Corporation. It has instituted this action in its own right to recover general damages for the depreciation of the market value of the stock of Bagdad resulting from a so-called conspiracy on the part of the appellant and his codefendants. The alleged purpose of the conspiracy was to depreciate the market value of the stock of Bagdad in order to buy it in at a price far below its intrinsic value. The acts, among others, which are asserted to have been performed by the defendants are, in brief, the dissemination of false information and statements concerning the assets of the corporation, its business and property; the procurement by false statements of a " stop-order " from the Securities and Exchange Commission, and the issuance of a false prospectus.

If we assume, as we must, the allegations of the complaint to be true, we do not doubt for a moment that plaintiff would have a good cause of action against the defendants · provided it could show that it actually suffered damages.

It is alleged that plaintiff became a stockholder of Bagdad Copper Corporation in 1931 and, in substance, still retained its stock down to the time this action was instituted. It is not alleged in the pleading here under attack that plaintiff lost the benefits of a sale which it otherwise would have made; that it could have sold the stock to a prospective purchaser or that it even contemplated its sale.

The question arises as to what damages, if any, plaintiff actually has sustained. It is not alleged that the intrinsic value of the stock has been affected in any way by the acts of the so-called conspirators. The charge that " Bagdad shares have been rendered practically valueless and have become unsalable in the market to the direct damage of plaintiff in the sum of $600,000 " is not sufficient. Plaintiff in order to succeed in this action would have to show that it actually suffered special damage.

Our view, therefore, is that the complaint must contain an allegation of loss which can be measured in point of time and in terms of money. Since it fails to do so, it will be dismissed.

Accordingly, the order should be reversed, with twenty dollars costs and disbursements, and the complaint dismissed, with leave to plaintiff to serve a further amended complaint within twenty days from the date of service of a copy of the order entered herein with notice of entry, upon payment of said costs.

MARTIN, P. J., TOWNLEY, DORE and CALLAHAN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and the motion granted, with leave to the plaintiff to serve a further amended complaint within twenty days after service of order, on payment of said costs.